IN THE U.S. DISTRICT COURT OF MARYLAND
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **Harry Karundeng, et al.** )<br>)<br>**Plaintiffs** )<br>)<br>v. )<br>)<br>**Y & K Company, LLC** )<br>**t/a Nano Asian Dining** )<br>)<br>**Defendant** )<br>_____ ) | **Civil Action No.: 1:13-cv-01532 WMN** |

## **DEFENDANT'S ANSWER**

Defendant, Y & K Company, LLC, by and through its attorneys, Brian D. Lyman and HILLMAN, BROWN & DARROW, P.A., and pursuant to Federal Rules of Civil Procedure files this Answer to Plaintiffs' Complaint and therefore states as follows:

The preliminary unnumbered paragraph is a Preliminary Statement and it contains conclusions of law. The Defendant denies that it is liable to the Plaintiffs or anyone else under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and it further denies liability under Maryland's Wage and Hour Law, Md. Ann. Code Labor and Employment Article § 3-401 et seq.

1. The allegations in Paragraph 1 are admitted with the following exceptions: Defendant is without sufficient knowledge and information to admit or deny that the Plaintiffs are residents of Anne Arundel County, Maryland and the Defendant denies that it is liable under the Fair Labor Standards Act and that Defendant violated minimum wage provisions of the Maryland Wage and Hour Law.

2. The allegations in Paragraph 2 are admitted with the exception that Defendant does not admit that any sums are owed to the Plaintiffs, though Paragraph 2 appears to be a summary and introductory paragraph setting forth what the Plaintiffs seek in the lawsuit.

3. The allegations of Paragraph 3 are generally denied, with the exception that the Plaintiffs have worked at Nano Asian Dining for various periods during the past three years. Defendant denies the specific examples listed in Paragraph 3.

4. The allegations in Paragraph 4 are admitted.

5. The allegations in Paragraph 5 are generally denied. Furthermore, Defendant states that the allegations in Paragraph 5 are multifarious and inexact as it references a single Plaintiff when four Plaintiffs are named in the case. Additionally and specifically, Plaintiffs are not currently employed by the Defendant. Furthermore references to the Defendants, plural, are confusing and the allegations in reference to Defendants are not well pleaded and unclear enough with reference to specific factual allegations to prevent the Defendant from framing a substantive response, and are therefore denied.

6. The allegations in Paragraph 6 are admitted.

7. The allegations in Paragraph 7 are denied.

8. The allegation in the first sentence of Paragraph 8 is admitted and the remaining statements in Paragraph 8 are denied.

9. The allegations in Paragraph 9 are admitted.

10. The allegations in Paragraph 10 are denied as legal conclusions.

11. The allegations in Paragraph 11 are denied.

12. The allegations in Paragraph 12 are denied.

13. The allegations in Paragraph 13 are denied.

14. The allegations in Paragraph 14 are denied with the exception that Plaintiffs were required to disclose the amount of cash tips to management.

15. The allegations in Paragraph 15 are denied. The Defendant's pooled tips were only divided among employees customarily receiving tips from customers, not including the dishwasher, kitchen helper or other employees who customarily do not receive tips from customers.

16. The allegations in Paragraph 16 are denied.

17. The allegations in Paragraph 17 are denied.

18. The allegations in Paragraph 18 are denied.

19. The allegations in Paragraph 19 are denied.

20. The allegations in Paragraph 20 are denied with the exception that Paragraph 20 states a legal conclusion in its first sentence to which a response is not required.

21. The allegations in Paragraph 21 are vague and multifarious, however to the extent they set forth well pleaded facts, the allegations are denied.

22. The allegations in Paragraph 22 are denied.

23. The allegations in Paragraph 23 are denied.

24. The allegations in Paragraph 24 are denied and further, the allegations set forth therein are appear to be legal contention only.

25. The allegations in Paragraph 25 are denied and further, the allegations set forth therein are appear to be legal contention only.

26. The allegations in Paragraph 26 are denied and further, the allegations set forth therein are appear to be legal contention only.

The prayer for relief is an unnumbered paragraph beginning with the phrase "based on the foregoing allegations" and represent the Plaintiffs' prayer for damages, some of which are not available to the Plaintiffs as a matter of law. While typically a prayer for relief requires no response, to the extent that a response may be required, the Defendant denies and requests the Court to deny the relief requested. Furthermore, the Defendant states the following affirmative defenses:

1. Mootness. The Plaintiffs have been offered full relief.
2. Some or all of the Plaintiffs lack standing.
3. The claims are barred by statute of limitations.
4. Defendant has a good faith defense to any and all liquidated damages under FLSA.
5. Lack of statutory coverage.
6. None of the Defendant's actions were willful or intentional.
7. The Complaint fails to state a claim upon which relief may be granted.

Defendant claims the following additional defenses:

1. Defendant complied with the provisions of 29 U.S.C. § 203(m).
2. Defendant acted at all times in good faith.
3. Lack of knowledge.
4. The measure of damages is not as the Plaintiffs calculate.
5. Defendant further and generally submits that any allegation in the Plaintiffs' Complaint has not been expressly admitted herein is denied.
6. Defendant reserves the right pursuant to the Federal Rules of Civil Procedure to rely on other and additional defenses as may be discovered during discovery, as the evidence may warrant and as any amendments are made to the pleadings in this case.

WHEREFORE, the Complaint having been fully answered, Defendant respectfully requests this Honorable Court to enter judgment in favor of the Defendant together with costs to be paid by the Plaintiffs.

/s/ *Brian D. Lyman*
Brian D. Lyman
Federal Bar No. 27360
HILLMAN, BROWN & DARROW, P.A.
221 Duke of Gloucester Street
Annapolis, Maryland 21401-2500
410-263-3131/(fax) 410-269-7912
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify on the 16th day of September, 2013 that a copy of the foregoing Answer was filed by the electronic case filing system (ECF) maintained by the United States District Court for the District of Maryland is available for viewing and downloading from the ECF System. Upon information and belief, counsel for the Plaintiffs, Howard B. Hoffman and Bradford W. Warbasse, were notified via electronic means of this Answer's filing.

/s/ *Brian D. Lyman*
Brian D. Lyman